## STATE v. GARY L. CERNOHOUS.

205 N. W. 2d 680.

March 23, 1973—No. 43114.

*C. Paul Jones,* State Public Defender, and *Mark W. Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

PER CURIAM.

Defendant appeals from the judgment convicting him after jury trial of receiving or concealing stolen property in violation of Minn. St. 609.53 and 609.05. He was placed on probation for 3 years under an indeterminate sentence of not to exceed 5 years.

The issues raised are (1) whether the evidence is sufficient to support the jury's finding of guilty knowledge of receiving or concealing a stolen motorcycle, an essential element of the offense as charged in the information; and (2) whether defendant was denied a fair trial by the trial court's admission of tangible evidence of parts of the disassembled stolen motorcycle because, defendant contends, they were not enumerated in a valid search warrant pursuant to which the police were authorized to search premises leased by defendant for a particularly described—

"1—1961 Valiant Automobile 4 door white in color

2—license plates bearing 'Minnesota 4AN 991'

1—automobile serial number plate bearing '1312333009'."

Our examination of all the evidence, particularly the facts and circumstances of the existence of stolen motorcycles and parts which were found on the premises which had been in defendant's continuous possession and under his control for 3 months prior to the search; the use of the premises as a motorcycle club for riding, repairing, and reconditioning motorcycles by defendant, his codefendant, club members, and others interested in such activity who had unrestricted access to and use of the premises; and defendant's possession of $300 in cash on his person when arrested even though he had not been recently employed, amply supports not only a finding of guilty knowledge but of defendant's guilt of the crime charged.

That the searching officers' initial intrusion upon the premises was authorized by a valid search warrant is not challenged. After quickly finding the Valiant described in the warrant, the officers reasonably continued to search the entire cluttered premises for the license plates and the 2- by 1/2-inch serial number

plate. When the officers observed during the course of that search that there were motorcycles and parts with serial numbers "distorted" or "hammered out," thus giving rise to probable cause to believe that such items were stolen, no basis exists to hold seizure of such unlawfully possessed items unreasonable nor constitutionally impermissible even though such items were not specified in the warrant. Indeed, if the scope of such search is not authorized under the "plain sight" rule, Abel v. United States, 362 U. S. 217, 80 S. Ct. 683, 4 L. ed. 2d 668 (1960); State v. Bagley, 286 Minn. 180, 175 N. W. 2d 448 (1970), it is clearly permissible under Warden v. Hayden, 387 U. S. 294, 87 S. Ct. 1642, 18 L. ed. 2d 782 (1967). That decision removed the constitutional limitations imposed by the so-called "mere evidence" rule. See, 52 Minn. L. Rev. 901; Minn. St. 626.07(5); cf. A. L. I. Model Code of Pre-Arraignment Procedure (Proposed Official Draft No. 1) § SS 220.3(5). Contrary to defendant's argument, clearly the evidence supports the finding that the search for the vehicles and items described in the warrant was not a pretext for a general exploratory search.

Affirmed.