**Windie LaMar JOHNSON, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 46730.**

Supreme Court of Minnesota.

June 17, 1977.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Phebe S. Haugen, Asst. County Attys., and Lee W. Barry, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of receiving or concealing stolen property, Minn.St. 609.53, subd. 1(1), and was sentenced by the trial court to a maximum indeterminate term of 10 years in prison.[1]  This appeal is from an order of the district court denying postconviction relief.  Defendant contends that the record compels the conclusion that (1) the police violated his Fourth Amendment rights when during the execution of a search warrant for drugs they seized other items (the stolen goods) not named in the warrant, and (2) his privately retained counsel, by failing to investigate the case properly and by failing to call certain witnesses, inadequately represented him.  We affirm.

In *State v. Severtson*, 304 Minn. 487, 232 N.W.2d 95 (1975), we held that when an officer, while lawfully executing a search warrant, comes upon other items that he has probable cause to believe are subject to seizure, he may seize them without first obtaining another warrant.  Defendant's contention is that the *Severtson* rule does not apply because the discovery of the stolen property while searching for the drugs was not inadvertent and therefore under *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), should have been suppressed.  Defendant's claim that the discovery of the stolen property was not inadvertent is based on the fact that at the time they applied for the warrant, police suspected they might find stolen property while searching for the drugs.

There is some doubt about the precedential value of the inadvertency language in the *Coolidge* opinion, since only four of the nine justices signed that part of the opinion. Also, the opinion appears to except contraband, stolen goods, and objects dangerous in themselves from the inadvertency requirement.  403 U.S. 471, 91 S.Ct. 2041, 29 L.Ed.2d 586.  However, we do not reach either of these issues because the degree of police expectation in this case was sufficiently limited to justify the conclusion that the discovery of the stolen property was inadvertent.

There is no merit to defendant's contention that his privately retained counsel did not represent him effectively.

Affirmed.

---

1.  Defendant later pleaded guilty to a charge of unlawful possession of a controlled substance with intent to sell and received a concurrent 3 year term for that offense.  Two other drug charges were dismissed as part of a plea bargain.