STATE of Minnesota, Respondent,

v.

Ronald FLOM, Appellant.

Nos. 49246, 49397.

Supreme Court of Minnesota.

Oct. 19, 1979.

Scanlan & Carlson and John J. Scanlan, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, County Atty., Brainerd, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of knowingly concealing stolen property, Minn.Stat. § 609.53, subd. 1(1) (1978), and was sentenced to a fine and a 10-year prison term, with execution of the prison term stayed on condition that defendant spend a year in jail, the last 6 months under the Huber (work-release) law. On this appeal from judgment of con-

viction defendant contends (1) that the trial court erred in admitting testimony concerning an incriminating statement by defendant which defendant contends was the fruit of an illegal search of his house, and (2) that the prosecutor committed prejudicial misconduct in his closing argument. We affirm.

In early May 1977, defendant was employed doing sheetrock taping at a summer lake residence in northern Minnesota which a Burnsville family was having remodeled into a year-round permanent residence. On May 13 defendant, who had been given a key to the house so that he could do the work, called the Nisswa Police Department and the owners of the lake house and informed them that someone had broken into the house and taken a number of items. The crime remained unsolved until August 14, 1977, when one of the owners' sons, who liked trucks, peered into a truck which defendant, who was a neighbor, frequently parked nearby. Through the window he observed a C.B. base station identical to that .taken from the house. The owners then contacted the police, who, after corroborating this information, obtained a search warrant to search both the truck and defendant's house for the items taken in May. The officers searched defendant's house first but did not find anything there; however, while searching, one of the officers overheard defendant talking on the telephone trying to persuade a friend to go to the truck, which was soon to be searched, and get a box. The subsequent search of the truck resulted in the discovery of the box to which defendant apparently had referred, and in it the police found the other items which had been taken in May.

■ 1. Defendant's first contention, that the trial court erred in admitting testimony concerning the overheard telephone conversation, is based on his belief that the affidavit in support of the search warrant failed to show probable cause to search the

house and his belief that the incriminating statement was a fruit of that illegal warranted search.

We need not decide whether the incriminating statement would be inadmissible if the search were deemed improper,[1] because we conclude that the search was proper. Defendant's specific contention is that the affidavit in support of the application for the warrant failed to demonstrate probable cause to believe that the house contained any of the stolen property. We need not discuss this issue in great detail because we recently discussed similar contentions in *State v. Yaritz*, 287 N.W.2d 13 (Minn. 1979), and *Rosillo v. State*, 278 N.W.2d 747 (Minn.1979). See, also, 1 LaFave, Search and Seizure, § 3.7. Suffice it to say, we believe that the affidavit contained sufficient facts to suggest that defendant not only possessed the C.B. radio base station but that he had committed the theft of all the items, since he had access to the house at the time he reported the theft, and that therefore it was likely that he still had possession of some of the other items taken in the theft. Although easily transferable they were items which could also be of enduring utility to their taker, and if he kept one of the items for personal use it is reasonable to assume that he may have kept others and that they were still in his possession. Because the normal place defendant would be expected to keep such items would be at his house, we therefore hold that the warrant to search the house was properly granted.

■ 2. The only other issue raised by defendant concerns the propriety of certain statements by the prosecutor in his closing argument. While the prosecutor's closing argument was not a model one, we well not discuss it in any detail because defendant failed to object at trial to any of the allegedly improper statements or seek specific cautionary instructions and therefore did

---

1. Although we do no decide the issue, we note that the police did not confront the defendant with any evidence at the house and he was not being interrogated. We also note that what prompted defendant to say what he said was not the allegedly illegal search of the house but the knowledge that the admittedly legal search of the truck, which contained the stolen goods, soon was going to occur.

not preserve the issue for appeal. While we have the power to consider such an issue and reverse notwithstanding a defendant's failure to preserve it by objection, this is not a case compelling the exercise of such power.

Affirmed.