STATE of Minnesota, Respondent,

v.

John Robert RIECK, Appellant.

No. 48856.

Supreme Court of Minnesota.

Nov. 30, 1979.

C. Paul Jones, Public Defender, and Phebe S. Haugen, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Stephen C. Rathke, County Atty., Brainerd, for respondent.

Considered and decided by the court en banc without oral argument.

OTIS, Justice.

Defendant was found guilty of five counts of aggravated assault and one count each of first-degree arson, possession of a Molotov cocktail, and first-degree tampering with a witness, Minn.Stat. §§ 299F.815; 609.225, .498, .561 (1978). He was sentenced as follows: three to ten years for one assault; four consecutive terms of three to five years for the other assaults; concurrent terms of three to twenty years for arson; three to five years for possession of a Molotov cocktail; and three to five years for tampering. On appeal defendant contends that the trial court erred in denying his motions for a change of venue and for suppression of evidence on Fourth Amendment grounds, and by sentencing him for more than one of the offenses in violation of Minn.Stat. § 609.035 (1978). Defendant

also challenges the legal sufficiency of the evidence on the issue of identity.

The crimes arose out of the firebombing of a home in rural Brainerd shortly after three a.m. on October 17, 1977. The owners of the home lived there with four children who ranged in age from eight to fifteen. One of the children, a thirteen year-old-girl who was staying with a relative at the time of the firebombing, had been the victim of a kidnap and rape allegedly committed that summer by defendant's half brother. At the time of the firebombing the brother was in jail in Brainerd awaiting trial, to begin in about a week. Defendant, who was twenty-one at the time, had returned from Washington State several weeks earlier in order to "stand behind his brother" as he later told people.

Evidence at trial connecting defendant to the firebombing included the following: (a) Eyewitness identification testimony by two of the victims who knew defendant and saw him running from the scene; (b) evidence that defendant was last seen running south on a road situated between the victims' house and the house of defendant's parents where defendant was staying, about three quarters of a mile away; (c) evidence that a number of items which connected defendant to the crimes were found in defendant's parents' house; and (d) testimony by jail cellmates of defendant that he said "they couldn't identify him that well in the dark" and that he would "get out and do it again."

1. The contention that the evidence of identity is insufficient is without merit. Defendant had the opportunity and the motive to commit the crimes with which he was charged. Under the circumstances recited we hold that the evidence supports the verdict.

2. Defendant asserts that the trial court erred in denying a motion for a change of venue on the ground of prejudicial publicity. Specifically, he claims that because his half brother had been charged with rape and kidnapping and by reason of the publicity in his own case, he could not

receive a fair trial in Brainerd. We do not agree. None of the newspaper articles of which he complains had been published when defendant made his motion for a change of venue. The articles which did appear before and during trial are fair and accurate. There is no record that jury selection presented any problems which would justify the conclusion that the publicity was either unfair or prejudicial. *See State v. Beier*, 263 N.W.2d 622 (Minn.1978).

3. Defendant's third contention is that the trial court erred in denying his motion to suppress items of evidence which were not named in the search warrant.

■ Professor LaFave, in discussing applicable principles in his treatise, 2 W. La-Fave, *Search and Seizure* § 4.11 (1978), relies in part on three cases of this court, *State v. Streitz*, 258 N.W.2d 768 (Minn. 1977); *State v. Michaelson*, 298 Minn. 524, 214 N.W.2d 356 (1973); and *State v. Cernohous*, 295 Minn. 491, 205 N.W.2d 680 (1973).[1] When an officer who is lawfully executing a search warrant comes upon other items which he has probable cause to believe are also subject to seizure, he may take them without obtaining another warrant. The seizure of unnamed items is permissible if at the time the officer discovers them he is lawfully executing the warrant and otherwise complies with the requirements of *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ In this case the warrant authorized a search for mayonnaise jars, ginger ale bottles, cotton fabric from which strips had been ripped, drill bits, and a jacket. Items seized which were not named in the warrant but which the officer believed to be incriminating were a metal file, a nail, and a spray can. We hold that in so doing he acted lawfully.

4. The final issue is whether multiple sentences were barred by Minn.Stat. § 609.-035 (1978) when imposed for multiple offenses arising out of a single behavioral incident. Defendant was sentenced to five consecutive sentences for assault, and three concurrent terms for arson, possession of a firebomb, and tampering with a witness. We held in *State v. Idowu*, 272 N.W.2d 354 (Minn.1978), that concurrent sentences constitute multiple punishment under § 609.-035. Defendant was here sentenced to a total of eight terms for firebombing a house.

Recently in *State v. DeFoe*, 280 N.W.2d 38, 41–42 (Minn.1979), we stated (footnote omitted):

The test used to determine whether it is proper to punish a defendant twice for multiple intentional offenses arising from the same basic incident is whether the underlying conduct was motivated by a desire on defendant's part to obtain a single criminal objective or by two or more criminal objectives. *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966). Since the assault in this case occurred during the course of the robbery when one of the patrons of the bar expressed a reluctance to cooperate, one could argue that the assault was in furtherance of the robbery and that all of defendant's conduct was motivated by a desire to accomplish a single criminal objective. On the other hand, the state's evidence indicated that defendant could have committed the robbery without shooting this patron, and one might therefore argue that the assault was gratuitous and neither necessitated by nor in furtherance of the robbery. However, we need not decide what the result would be if this were a case in which the victim of the assault was the only victim of the robbery because the defendant robbed not just the victim of the assault but numerous other patrons present in the store. This case therefore is similar to other multiple-victim cases in which we have permitted multiple sentencing. *State v. Briggs*, 256 N.W.2d 305 (Minn.1977), is an example. There, the defendant was found guilty of three

1. *See also Johnson v. State*, 256 N.W.2d 78 (Minn.1977), and *State v. Severtson*, 304 Minn. 487, 232 N.W.2d 95 (1975).

counts of aggravated assault for his act of firing some 20 rounds of ammunition at three different victims. In holding that under the circumstances the court did not violate § 609.035 in sentencing the defendant to three consecutive sentences, we cited *State ex rel. Stangvik v. Tahash,* ·281 Minn. 353, 360, 161 N.W.2d 667, 672 (1968), where we stated that "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." *See also State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975). Allowing multiple sentencing in the instant case does not unfairly exaggerate the criminality of the defendant's conduct and the double sentence seems commensurate with defendant's increased culpability.

We have adopted the rule that multiple sentences may be imposed in multiple victim cases provided the sentences do not unfairly exaggerate the criminality of the defendant's conduct. Here separate sentences for each of the aggravated assaults was proper because defendant knew, or should have known, that there would be multiple victims. Although the sixth person was not present, under Minn.Stat. § 609.498 (1978) her presence was not required in order to convict defendant of tampering. The purpose of the firebombing was to silence her as a witness. However, we are of the opinion that the additional concurrent sentences, for arson and possession of a firebomb, unfairly exaggerate defendant's criminality. Accordingly by virtue of § 609.035 they are vacated.

Affirmed in part and reversed in part.