Charles E. WENSMAN, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–202.

Supreme Court of Minnesota.

Aug. 5, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Thomas A. Weist, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Charles E. Wensman, age 35, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In February of 1980 petitioner was convicted of possessing cocaine and was sentenced to a 5-year prison term, with execution stayed on condition that petitioner serve 6 months in the workhouse on work release and that he remain law abiding. Thereafter, he sold approximately ½ ounce of cocaine to a B. C. A. agent for a purchase price of $1,175. He pleaded guilty to a charge of selling cocaine and was sentenced to a Sentencing Guidelines sentence of 1 year and 1 day, concurrent with the previously imposed sentence, for which probation was revoked. The latter sentence has expired. The previously imposed sentence will not expire until September of 1983. Petitioner was apparently released from prison earlier this year.

Petitioner's criminal history score at the time of sentencing would have been zero if the Sentencing Guidelines had been in effect at the time of sentencing in February of 1980. Possessing cocaine is a severity level I offense. The presumptive sentence for this offense by a person with a criminal history score of zero is a year and a day stayed. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from sentence.

In *State v. Champion*, 319 N.W.2d 21 (Minn.1982), as in other cases, we indicated that we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record of recidivism. In this case petitioner has a record of recidivism. He had the burden of overcoming this factor and establishing that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.