**John Robert RIECK, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–432.

Supreme Court of Minnesota.

Nov. 12, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., St. Paul, Stephen Rathke, County Atty., Brainerd, for respondent.

AMDAHL, Chief Justice.

This is an appeal by John Robert Rieck, age 26, from an order of the Crow Wing County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1978 petitioner was convicted of five counts of aggravated assault and one count each of first-degree arson, possession of a Molotov cocktail, and first-degree tampering with a witness. He was sentenced as

follows: 3 to 10 years for one assault; four consecutive terms of 3 to 5 years for the other assaults; concurrent terms of 3 to 20 years for arson; 3 to 5 years for possession of a Molotov cocktail; and 3 to 5 years for tampering. In *State v. Rieck,* 286 N.W.2d 724 (Minn.1979), we affirmed petitioner's convictions but, citing Minn.Stat. § 609.035 (1978), vacated the concurrent sentences for arson and possession of a firebomb.

Petitioner has not been given a target release date. In April of 1982 petitioner escaped from prison, and, at last report, has not yet been captured. According to records computed before his escape, petitioner's sentences were scheduled to expire in February 1985, June 1988, October 1991, February 1995, and March 1998.

If the Sentencing Guidelines had been in effect at the time of the offenses, petitioner's criminal history score at the time of sentencing would have been three. Petitioner concedes that the total presumptive sentence for all of the offenses of which he was convicted would have been 292 months in prison. This apparently is a greater sentence than the sentence petitioner received.

Petitioner is a violent offender with a record of recidivism. Petitioner had the burden of overcoming these factors and proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree. *State v. Champion,* 319 N.W.2d 21 (Minn.1982).

Affirmed.