Charles E. **WENSMAN**, Petitioner, Appellant,

v.

**STATE** of Minnesota, Respondent.

No. C0–83–76.

Supreme Court of Minnesota.

Jan. 13, 1984.

C. Paul Jones, Minn. State Public Defender by Margaret LaMarche, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson, Asst. Co. Attys., Beverly J. Wolfe, Staff Atty. by Michael Richardson, Minneapolis, for respondent.

SIMONETT, Justice.

On October 13, 1979, while executing a warrant to search petitioner's apartment in connection with a homicide investigation, Minneapolis police discovered and seized cocaine pursuant to the plain-view seizure rule. Petitioner was subsequently charged with unlawful possession of cocaine. After the trial court denied his motion to suppress, petitioner pleaded guilty and was sentenced to 5 years in prison with execution stayed. Probation was revoked in May of 1980 after petitioner was arrested for selling cocaine to an undercover agent. In February of 1982 petitioner filed this petition for postconviction relief from the judgment of conviction, claiming that the trial court erred in denying his motion to suppress. In December of 1982 the postconviction court denied the petition, ruling (a) that the petitioner could not challenge the validity of the search and seizure in a postconviction proceeding and (b) that in any event the search and seizure were legal. This appeal followed.[1] We affirm on the ground that the search and seizure were lawful.

■ Because petitioner had failed to file a direct appeal within the time limit provided by rule, the postconviction court reasoned that petitioner was barred from thereafter raising the search and seizure issues in a postconviction proceeding. This holding is contrary to our decision in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). There we held that a convicted defendant may not raise an issue in postconviction proceedings if the issue was already raised and decided on direct appeal or if the issue was known at the time of the direct appeal but not raised. However, petitioner in this case did not take a direct appeal and therefore was free to pursue the matter in a postconviction proceeding.

■ The state also argues that relief should be denied because petitioner delayed over 2 years before he filed for postconviction relief, and reprosecution is always difficult after the passage of a long period of time. The general argument is a valid one. However, in this case delay will not prejudice the state. The issue is simply whether or not the search and seizure were legal. If so, the conviction will stand; if not, petitioner's conviction will have to be reversed and the evidence suppressed, which would, as a practical matter, bar reprosecution.[2]

Addressing the issues raised by the appeal, we hold that the postconviction court correctly concluded that petitioner's fourth amendment rights were not violated by the search and seizure.

■ (a) Contrary to what petitioner argues, the information contained in the affidavit accompanying the search warrant application was not stale but established that there was probable cause to believe that the items sought would be found in a search of petitioner's apartment. *Gerdes v. State*, 319 N.W.2d 710 (Minn.1982); *State v. Flom*, 285 N.W.2d 476 (Minn.1979).

1. In *Wensman v. State*, 322 N.W.2d 726 (Minn. 1982), we affirmed an order denying an earlier petition for postconviction relief in the form of resentencing according to the Sentencing Guidelines.

2. The state does not claim that the guilty plea operated as a bar against raising the search and seizure issues on appeal. The guilty plea was entered before our decision in *State v. Lothen-* *bach*, 296 N.W.2d 854 (Minn.1980). In *Lothenbach*, we addressed the issue of whether a defendant may plead guilty and still pursue his right to appeal the propriety of a pretrial suppression order. We ruled that the proper procedure is not to plead guilty, even conditionally, but to stipulate to the state's case, let the trial court make a determination of guilt on the basis of the stipulation, then appeal from judgment.

 (b) The police properly discovered and seized the cocaine pursuant to the plain-view seizure rule of *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Here, the executing officers inadvertently discovered the evidence, the cocaine, in plain sight during a lawful search for other evidence and the seizable character of the evidence was immediately apparent.[3] Petitioner's contention that the evidence nonetheless should have been suppressed is based on the belief that the officers obtained the search warrant in bad faith, as a subterfuge, hoping to discover drugs during the course of the search. In support of this argument petitioner relies on cases such as *United States v. Tranquillo,* 330 F.Supp. 871 (M.D.Fla.1971), which impose a good-faith requirement on searches and seizures. However, the United States Supreme Court's decision in *Scott v. United States,* 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978), makes it clear that searches and seizures should be examined according to a standard of objective reasonableness without regard to the good faith or bad faith of the officer. In other words, cases such as *Tranquillo* no longer have any vitality. Cases of this court relying on *Scott* include *State v. Pleas,* 329 N.W.2d 329 (Minn.1983); *State v. Ludtke,* 306 N.W.2d 111 (Minn. 1981); and *State v. Veigel,* 304 N.W.2d 900 (Minn.1981). Moreover, even if the good faith of the officer was properly in issue, the district court found that the police acted in good faith, and that finding was not clearly erroneous.

Affirmed.

**3.** As we noted in *Johnson v. State,* 256 N.W.2d 78 (Minn.1977), there is some doubt about the precedential value of the language in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), requiring that the discovery of the items seized be inadvertent, since only four of the nine judges signed that part of the opinion. As we also noted in *Johnson,* the opinion in *Coolidge* apparently excepted contraband, stolen goods, and objects dangerous in themselves from the inadvertency requirement.