STATE of Minnesota, Respondent,

v.

Richard Marcus ULVESTAD, Appellant.

No. CO–87–541.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Review Denied Jan. 15, 1988.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for State of Minnesota, respondent.

Robert E. Lucas, Duluth, Jack S. Nordby, Meshbesher, Singer & Spence, Ltd., Minneapolis, for Richard Marcus Ulvestad, appellant.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Richard Ulvestad was convicted of five counts of theft by swindle and two counts of attempted theft by swindle under Minn.Stat. §§ 609.52, subd. 2(4) and 609.17 (1986). On appeal, he claims the evidence was insufficient to support the convictions and that the trial court erred in several evidentiary rulings. We affirm.

## FACTS

Richard Ulvestad owned and operated a used car business entitled Grand Avenue Auto Sales in Duluth, Minnesota. During a random investigation, a Minnesota State Driver and Dealer Examiner found two title certificates for automobiles sold to Ulvestad on which the mileage figures were erased. Agents for the Bureau of Criminal Apprehension were notified and an investigation into Ulvestad's business practices ensued.

The agents obtained sales records from the Minneapolis Auto Auction, where Ulvestad purchased his cars. These records indicated the prices and mileage of the various cars Ulvestad purchased. The agents next posed as car buyers, and Ulvestad discussed potential sales with them and quoted prices on two vehicles. The agents then compared the prices and mileage on the two vehicles with the records obtained from the Minneapolis Auto Auction. The receipts showed that Ulvestad purchased one car with 87,884 miles registered on the odometer, but attempted to sell the same vehicle with an odometer reading of approximately 58,000 miles. The second car was purchased by Ulvestad with 69,158 miles and later offered for sale with only 39,300 miles registered on the odometer.

Search warrants were then obtained for Ulvestad's place of business and his apartment. The warrants authorized seizure of records and documents; however, a typewriter and typewriter ribbon in plain view also were seized because of their suspected use in altering the mileage readings on various documents. At trial, Ulvestad's

carbon copies of the Minneapolis Auto Auction receipts were introduced and compared with those the agents obtained from the auction house. The odometer reading recorded on Ulvestad's carbon copies had been scratched out or covered up and on some receipts Ulvestad had typed in the altered mileage amount.

Sales to four particular individuals formed the basis of the complaint. Testimony by each of the four victims and records produced at trial demonstrated that the odometers had been set back from 20,000 to 40,000 miles on each automobile, with purchase prices ranging from $3,235 to $5,995.

Throughout the trial, Ulvestad sought to introduce evidence relating to the value of the vehicles, claiming such values determined the degree of the offense and the penalty. The trial court denied Ulvestad's demands, finding evidence of value irrelevant. Ulvestad additionally objected to the prosecutor's reference to himself as a "representative of the state." The trial court sustained the objection, but refused to grant a mistrial.

The jury found Ulvestad guilty on all counts under Minn.Stat. § 609.52, subd. 2(4). Ulvestad was sentenced to one year and one day, 15 months, 18 months, 21 months, 12½ months, and 16 months respectively. The first four sentences were stayed, with the last two executed to run concurrently. The court additionally awarded restitution totaling approximately $1,880. Following a denial of his motion for a new trial, Ulvestad appeals the convictions.

## ISSUES

1. Did the trial court err in excluding evidence of valuation?

2. Was the evidence sufficient to sustain appellant's convictions for theft by swindle?

3. Did the trial court err in allowing the typewriter into evidence?

4. Did the prosecutor's remarks during closing argument constitute reversible error?

5. Did the trial court err in sentencing appellant?

## ANALYSIS

■ 1. Ulvestad contends the trial court erred in excluding evidence relating to the value of the automobiles sold. He claims value is an essential element in establishing the severity of the penalty under Minn.Stat. § 609.52, subd. 3(1) (1986). For a conviction under that statute, the value of the property taken must exceed $2,500.

The Minnesota Supreme Court, however, has determined that "[i]n theft by swindle, value becomes irrelevant." *State v. Lone*, 361 N.W.2d 854, 860 (Minn.1985). In *Lone*, the president of a waterproofing company was convicted of theft by swindle under Minn.Stat. § 609.52. He had made false representations in obtaining waterproofing contracts from homeowners. The defendant claimed that something of value was given to the homeowners. The *Lone* court held:

> The appellant here, in essence, argues that the jury should perform some type of balancing test; that they consider what the victims gave up in relation to what it was they received, and if what they gave up was greater than what they received, a theft by swindle has taken place. This does not seem to fit the statutory definition of theft by swindle, whoever "[b]y swindling, whether by artifice, trick, device, or any other means, *obtains property* or services from another person." (Emphasis supplied.) *See* Minn.Stat. § 609.52, subd. 2(4) (1984).

*Id.*

The prices paid for the automobiles thus were the only evidence necessary regarding value. Ulvestad cites a number of cases in which sentence was reduced because of insufficient proof that value of property stolen exceeded statutory limits. *See, e.g., State v. Stout*, 273 N.W.2d 621 (Minn.1978); *State v. McDonald*, 312 Minn. 320, 251 N.W.2d 705 (1977). However, these cases relate to valuation of stolen property and not the situation in *Lone* where, as a result of fraud, the victims parted with money for goods and services.

Here, as in *Lone,* there is a quantifiable amount of money over $2,500 spent for each vehicle and no need to speculate over each vehicle's value. Under the *Lone* rationale, we similarly are hesitant to balance each vehicle's true value against the actual price paid by the victims for purposes of determining the severity of the penalty.

2. Upon review of an insufficiency of the evidence claim, the court must determine, given the facts in the record and the inferences drawn from them, whether a jury reasonably could conclude the defendant was guilty of the offense charged. *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981). Appellate courts view the evidence in the light most favorable to the state, and assume the jury believed the state witnesses and disbelieved anything that contradicted their testimony. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). The verdict will not be reversed if the jury, giving due regard to the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt, could reasonably have found the defendant guilty. *Id.*

Ulvestad claims the evidence was insufficient to support his convictions because there was insufficient evidence regarding valuation, belief and reliance, as well as insufficient evidence of attempted theft by swindle.

First, it is clear under *Lone* that valuation is irrelevant in convictions for theft by swindle. The record reveals that each victim paid more than $2,500 for his or her vehicle.

■■■ Second, Ulvestad claims there was insufficient evidence of belief in and reliance upon the alleged misrepresentation. There is no single definition capable of covering the range of possibilities for "swindle." *Lone,* 361 N.W.2d at 858. Generally, the offense of swindling is cheating and defrauding an individual of his or her property by deliberate artifice. *State v. Wells,* 265 Minn. 212, 214, 121 N.W.2d 68, 69 (1963). The record clearly demonstrates that the odometers of the vehicles deliberately were lowered to increase the value of the cars in the eyes of the victims. Each victim testified that mileage was a major factor in purchase of the vehicle. Three of the four victims testified that Ulvestad represented the odometer readings as accurate, and the fourth assumed the accuracy because of his specific request for a low mileage car. The jury is in the best position to judge witness credibility and reasonably could have concluded Ulvestad was guilty of swindle.

Third, we find there is sufficient evidence supporting the conviction for attempted theft by swindle. A person is guilty of the attempted commission of a crime when the person "with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime." Minn. Stat. § 609.17, subd. 1 (1986). The police agents posing as potential automobile purchasers testified that, while on Ulvestad's car lot, they indicated an interest in purchasing automobiles. Ulvestad then showed the agents two cars and quoted them a price for one of the vehicles. Testimony and records introduced demonstrated that the odometers of the two vehicles had been lowered over 20,000 miles. The jury reasonably could have found Ulvestad's acts constituted a substantial step toward commission of the swindle.

■■■ 3. Ulvestad additionally claims that the trial court erred in admitting a typewriter into evidence. When an officer lawfully executing a search warrant comes upon additional items that he has probable cause to believe are subject to seizure, he may seize them without first obtaining another warrant. *Johnson v. State,* 256 N.W.2d 78, 79 (Minn.1977). The "plain view" exception, first recognized in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), applies here because testimony revealed the typewriters were in plain view and were seized because of their suspected use to alter mileage readings on various documents. Thus, the trial court did not err in refusing to exclude the evidence under Ulvestad's claim of unlawful seizure.

■ Ulvestad claimed a lack of foundation for introducing the typewriter into evidence and prejudice in permitting the jury to experiment with the typewriter. Rulings on evidentiary matters rest within the sound discretion of the trial court. *State v. Andersen*, 370 N.W.2d 653, 664 (Minn.Ct. App.1985). Ulvestad's counsel made the typewriter issue relevant through cross-examination of an investigating officer. After the trial court ruling on relevance, he suggested the jury use the typewriter for experimentation (as opposed to a secretary from the prosecutor's office). The trial court did not abuse its discretion in admitting the typewriter.

■ 4. Ulvestad next finds prejudice resulting from the prosecutor's reference to himself as a "representative of this state [in] whose name this lawsuit was brought." When the alleged prosecutorial misconduct is less severe, the standard for determining harmless error is whether the misconduct played a substantial part in influencing the jury to convict. *State v. Caron*, 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974). Given the record as a whole and the overwhelming evidence implicating Ulvestad, the alleged misconduct played a minimal part in influencing the jury's decision to convict. Ulvestad was not denied his right to a fair trial as a result of the prosecutor's remarks.

■ 5. Finally, Ulvestad contends the sentence imposed was improper and excessive. The trial court is in the best position to weigh the various sentencing options and therefore is granted broad discretion in sentencing. *State v. Back*, 341 N.W.2d 273, 275 (Minn.1983). Ulvestad claims the sales were one single course of conduct. However, the attempted sales and actual sales occurred at different times and involved sales of different vehicles. This is not a single course of conduct, such as a liquor store robbery, where the perpetrator is sentenced for robbery as well as one count of assault for each person in the store at the time of the offense. Further, the court did not abuse its discretion in awarding restitution. Courts are allowed to award restitution in addition to imprison-ment under Minn.Stat. § 609.10(5) (1986). The trial court did not abuse its broad discretion in sentencing.

## DECISION

Affirmed.

CRIPPEN, J., dissents.

CRIPPEN, Judge, dissenting.

Appellant was prosecuted for five swindles, each involving the sale of a car or attempted sale of a car. Because the state alleged and proved appellant's intent to defraud, it was proper to treat each case as a swindle under Minn.Stat. § 609.52, subd. 2(4) (1986). *State v. Chryst*, 320 N.W.2d 721, 722 (Minn.1982) (where it is proven that vehicle tampering involves an intent to defraud, the state is not confined to a prosecution for the gross misdemeanor offense of odometer tampering under Minn.Stat. § 325E.14). If the state could prove a swindle involving the theft of more than $2500, the defendant could be found guilty of a felony swindle. Minn.Stat. § 609.52, subd. 3(1) (1986).

As stated in the majority opinion, appellant was prosecuted for five incidents which did not form a single course of conduct. Because each incident involved a sale price of more than $2500, and because a swindle has been proven in each case, the state contends that the defendant stands rightfully convicted of five felony offenses.

The success of the state in obtaining five felony convictions rests on the proposition of law that each separate sale constitutes a felony offense, whether or not the cost of each swindle amounted to more than $2500. The trial court agreed with the state and excluded evidence intended to show that each sale involved a vehicle with a real value such that in no instance was the cost of each individual swindle in excess of $2500.

The state may have been entitled to a felony conviction in this case, but under present law, it was not entitled to five

separate felony convictions for each sale event.[1]

The issue addressed here was not addressed in *State v. Lone*, 361 N.W.2d 854 (Minn.1985). There the defendant was permitted to introduce evidence on the value of property delivered in a swindle action. The supreme court observed that the evidence "soundly established" that merchandise sold by the defendant was of no value. *Lone*, 361 N.W.2d at 858. Lone appealed because the trial court denied his proposed instruction aimed at permitting the jury to find that there was no swindle at all if the defendant's sales involved giving something of value in return for money. Understandably, the supreme court rejected the argument that "a theft by swindle has taken place" only if the victim gives up something greater in value than what they received. *Lone*, 361 N.W.2d at 860.

Nothing in *Lone* suggests a rule of law to supersede the determination by the legislature to classify thefts and set penalties for thefts based on the value of property stolen. *See* Minn.Stat. § 609.52, subd. 3. Defendant is entitled to demonstrate the amount of loss involved in each act of swindle as that bears on the classification and sentence for the swindle.

The jury in this case was perplexed about the suggestion that each sale involved a theft of more than $2500. After three hours of deliberation, they asked for assurance, wondering whether they were to consider the total sale price or merely the difference between the sale price and appellant's cost in purchasing the vehicles.

This case should be retried. The jury was erroneously deprived of the opportunity to examine evidence demonstrating that appellant did not commit five felonies.

I respectfully dissent.

---

1. Three of the incidents arose in one six-month period and two in another. Losses in thefts within a six-month period can be aggregated to establish a crime subject to greater penalties. Minn.Stat. § 609.52, subd. 3(5) (1986).