REYES, Judge
(concurring in part, dissenting in part)
While I agree with sections I, III, and IV of the majority opinion, I respectfully dissent from its conclusion in section II regarding TCI’s civil-theft claim. I would conclude that the district erred by denying TCI’s motion for summary judgment on its civil-theft claim and entering summary judgment in favor of Flynn. The common usage of the word “steal” is “to take or appropriate without right or leave, and with the intent to keep or make use of wrongfully.” Merriam-Webstpr Dictionary 1220 (11th ed. 2014) (emphasis added). Based on this common usage, the undisputed facts of this case establish that Flynn stole personal property from TCI and is liable for civil theft under Minn. Stat. § 604.14, subd. 1 (2016).
On appeal from summary judgment, we review the district court’s decision de novo and view the evidence in a light most favorable to the party against whom summary judgment was granted. Commerce Bank v. W. Bend Mut. Ins. Co., 870 N.W.2d 770, 773 (Minn. 2015). The district court found that the transfer of funds only occurred internally from one client account to another and that Flynn did not steal anything because he did not take possession of the property. As a result, the dis *436 trict court concluded that Flynn’s conduct fell outside the scope of Minn. Stat. § 604.14, subd. 1.
Under section 604.14, subdivision 1, “[a] person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater.” In interpreting this statute, “courts rely on the criminal theft statute to determine whether a defendant’s conduct amounted to [civil] theft.” Damon v. Groteboer, 937 F.Supp.2d 1048, 1076 (D. Minn. 2013) (citing Popp Telcom, Inc. v. Am. Sharecom, Inc., No. Civ. 96-1177, 2003 WL 1610789, at *9 (D. Minn. Mar. 20, 2003), aff'd, 361 F.3d 482 (8th Cir. 2004)[3] (both cases interpreting the civil-theft statute, Minn. Stat. § 604.14, subd. 1, and Damon noting the limited caselaw authority examining that statute).[4] “The [criminal] statute was intended to reach cheats and swindlers of all kinds and descriptions.” State v. Wells, 265 Minn. 212, 214, 121 N.W.2d 68, 69 (1963). Therefore, “[n]o single definition can cover the range of possibilities for the offense.” State v. Ruffin, 280 Minn. 126, 130, 158 N.W.2d 202, 205 (1968). Further, there is “no requirement that the victim suffer any pecuniary loss whatsoever. Once the victim [parts] with her money in reliance on false representations, it [is] immaterial whether whatever she got in return was equal in value to that which she surrendered.” State v. Lone, 361 N.W.2d 854, 859-60 (Minn. 1985)).
As the majority notes, the operative word in the statute, “steals,” is not defined in chapter 604. Therefore, we look to the term’s plain and ordinary meaning and can refer to its common usage. See, e.g., Cocchiarella v. Driggs, 884 N.W.2d 621, 629 (Minn. 2016) (Anderson, J., dissenting). As the majority further notes, citing Webster’s New International Dictionary 2465 (2d ed. 1946), “a leading dictionary defines the word ‘steal’ to mean ‘[t]o take, and carry away feloniously [or] to take or appropriate without right or leave, and with intent to keep or make use of wrongfully; as, to steal money or another’s goods.’” (Emphasis added.) The majority also cites to Merriam-Webster Dictionary, supra, at 1220, which provides a similarly broad definition: “To take or appropriate without right or leave and with intent to keep or make use of wrongfully.” (Emphasis added.) Black’s Law Dictionary defines “steal” as “[t]o take (personal property) illegally with the intent to keep it unlawfully.” Black’s Law Dictionary 1548 (9th ed. 2009).
While one definition of “steal” is “to take ... with intent to keep,” this is not the only definition. Both above-cited lay dictionaries provide multiple definitions by using the disjunctive term “or,” and define “steal” to include “appropriate without right or leave, and with intent to ... make use of wrongfully.” The Webster’s definition goes further to include “as, to steal *437 money.” Because “[n]o single definition can cover the range of possibilities for the offense,” Ruffin, 280 Minn. at 130, 158 N.W.2d at 205, “steal,” includes appropriating money without right or leave with the intent to make use of it wrongfully. There is no requirement to find that the person “spends the money or invests it.”
Based on the undisputed facts, Flynn appropriated money from TCI without right or leave with the intent to make use of it wrongfully. TCI’s CEO directed Flynn to auction off Five Star’s equipment to pay off the balance of $446,879.27 it owed TCI, and Flynn told him he was going to do so. He did not. Instead, Flynn admitted that he intentionally falsified documents in an elaborate series of false transactions “to make it appear that the auction had taken place.” Without right or leave, he made use of the money wrongfully by directing TCI’s finance department to wire $250,378.40 of TCI’s reserves to Company X. Flynn then contacted Company X the next day, told them that the TCI treasury department made a mistake, and asked them to send the same amount to TCI, with reference to Brian Flynn and Five Star. He did this so others at TCI would not be aware of this surreptitious transaction. Flynn told TCI that the funds were proceeds from the auction when in fact no auction occurred, and then applied the $250,378.40 to Five Star’s account.
The undisputed facts show that Flynn appropriated $250,378.40 from TCI without right or leave, and admitted to acting with the intent to make use of that money wrongfully. As a result, Flynn’s conduct falls within the scope of the civil-theft statute, and he is liable to TCI for the value of stolen personal property “plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater.” Minn. Stat. § 604.14, subd. 1. Therefore, the only remaining issue is the amount of damages, including punitive damages, which is a question for the fact-finder on remand. Accordingly, I would reverse the district court’s denial of TCI’s summary-judgment motion and grant of summary judgment in favor of Flynn on the issue of civil theft, and I would remand for a determination of the amount of damages.

. While not binding, federal court opinions are persuasive and should be afforded due deference, particularly where, as here, no Minnesota appellate court has addressed the issue. See Citizens for a Balanced City v. Plymouth Congregational Church, 672 N.W.2d 13, 20 (Minn. App. 2003) ("Although not binding, these other federal court opinions are persuasive and should be afforded due deference.”); see also State v. Eichers, 840 N.W.2d 210, 216 (Minn. App. 2013) (looking to persuasive Eighth Circuit caselaw where no Minnesota appellate court squarely addressed issue), aff'd on other grounds, 853 N.W.2d 114 (Minn. 2014).

. The majority takes issue with the use of the word "theft” when referring to Minn. Stat. § 604.14, subd. 1, the civil-theft statute at issue here, rather than the word “steal.” "Theft” is defined as "the act of stealing.” Merriam-Webster Dictionary, supra, at 1220.