## STATE v. DONALD PAUL PRUDHOMME.

228 N. W. 2d 243.

March 28, 1975—No. 44219.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *John E. DeSanto,* Assistant County Attorney, for respondent.

MACLAUGHLIN, JUSTICE.

This appeal by defendant from a judgment of conviction raises issues involving (1) the protection contained in Minn. St. 609.035 against multiple punishment for multiple offenses arising from a single behavioral incident, and (2) the application of the policy, enunciated by this court in State v. Holmes, 281

Minn. 294, 161 N. W. 2d 650 (1968), against penalizing criminal defendants who are successful on appeal.

At approximately 1:30 a. m. on February 5, 1972, defendant picked up three teenage girls who were standing on the sidewalk outside a downtown Duluth hotel hoping to secure a ride home. Instead of taking the girls to the address they gave, defendant drove them against their will to the remote Fish Lake area, where he flashed a knife and forced the girls to submit to various sexual acts. At one point, while defendant was outside the automobile for a moment, the girls jumped out and tried to escape. Two of the girls did escape, but defendant captured the other and dragged her back to the automobile where he raped her and committed other sexual indecencies. Later, the girl freed herself from defendant and ran down the road. Defendant chased her with his automobile and then, after his automobile got stuck, on foot, finally catching her. After unsuccessfully attempting to jack up the automobile, defendant took the keys and left the scene, leaving the girl alone in the automobile at a time when the temperature was well below zero. After retrieving her coat from the road, the girl started to honk the horn, hoping to attract attention. The other two girls, hearing this, returned and found her in the automobile. After telling her to remain in the automobile while they sought help, they left and began a long trek, ending at 6:30 a. m. in the discovery of an occupied cabin where they obtained help.

After a trial by jury in district court, defendant was found guilty, as charged, of seven separate offenses and sentenced by the trial court to seven consecutive sentences as follows: 5 years for kidnapping one of the girls and 5 years for committing indecent liberties upon her; 5 years for kidnapping another of the girls and 10 years for raping her; and 5 years for kidnapping the third girl, 4 years of committing indecent liberties upon her, and 6 years for assaulting her with a knife.

■ Minn. St. 609.035 provides as follows:

378

"* * * [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

As we have stated on numerous occasions, the statute contains two protections—the protection against multiple punishment, which is designed to ensure that punishment will be commensurate with culpability, and the protection against serialized prosecution, which protects defendant from harassment by repeated prosecution for the same conduct until a desired result is reached —both of which turn on the same determination, that is, whether the conduct underlying the multiple offenses may be said to be unitary or divisible. In determining whether the conduct underlying the multiple offenses was unitary or divisible, the test employed (at least when intent is a factor) is whether the conduct involved was motivated by an effort to obtain a single criminal objective. State v. Johnson, 273 Minn. 394, 141 N. W. 2d 517 (1966).

However, we have held that even though the involved conduct is motivated by an effort to obtain a single criminal objective a different application of the statute is appropriate where there are multiple victims. In State ex rel. Stangvik v. Tahash, 281 Minn. 353, 161 N. W. 2d 667 (1968), the defendant, in the course of a few minutes, stabbed his wife and two children to death while he was on a visit home from the mental hospital where he was a patient. The trial court permitted two of the three first-degree murder charges against defendant to be reduced to second-degree murder in exchange for defendant's agreement to plead guilty and, after accepting defendant's pleas, sentenced him to life imprisonment on the first-degree murder conviction and to two concurrent 40-year sentences on the other convictions. This court, in rejecting defendant's contention that the imposition of three concurrent terms violated § 609.035, held that the

fact that the crimes occurred at substantially the same time and place as part of a single behavioral incident did not in itself require the application of the statute because the three murders involved three victims and that "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." 281 Minn. 360, 161 N. W. 2d 672. We also stated that the philospohy of the statute is to protect against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability.[1]

The instant case is similar to Stangvik because there are multiple victims involved. Whether defendant may be punished for more than one crime against each victim depends upon whether he had a single criminal objective. Because it appears that defendant had a single criminal objective of committing acts of sexual misconduct with each girl, and because the kidnappings were for the purpose of committing these acts, we conclude that defendant may not be sentenced for more than one crime for each victim. Therefore, under the reasoning in Stangvik, it is our judgment that the case should be remanded to the trial court for resentencing with direction that the trial court is limited to sentencing defendant for a total of three crimes, one crime against each victim.

■ This leads us to the second issue: Whether, on resentencing, the trial court, after selecting the three offenses for which it will sentence defendant, is limited to the sentences which it has already set for those offenses.

---

[1] In People v. Ridley, 63 Cal. 2d 671, 678, 47 Cal. Rptr. 796, 800, 408 P. 2d 124, 128 (1965), the California Supreme Court observed: "* * * [T]he purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability and a defendant who commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons is more culpable than a defendant who harms only one person."

The closest case is State v. Holmes, 281 Minn. 294, 161 N. W. 2d 650 (1968), in which we held that when a defendant is granted a new trial on appeal the trial court may not impose a greater sentence after a subsequent conviction than was imposed after the first conviction. We did not base our rule in Holmes on constitutional grounds but rather on procedural fairness and principles of public policy. We emphasized that this approach "precludes inquiry into the motives of the sentencing judge and holds as a matter of law that any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy." 281 Minn. 298, 161 N. W. 2d 653.

The instant case differs somewhat in that the trial court will be faced with the matter of resentencing after a sentence has been set aside, not resentencing after successful reprosecution following the granting of a new trial. We believe that this difference is insignificant and that to permit the trial court to increase the penalty for any of the offenses on which it will sentence defendant would be to violate the spirit of the Holmes case. Accordingly, we hold that the trial court, in resentencing defendant for one crime against each of the three separate victims, must limit its sentences for those offenses to the sentences which it has already set for those offenses.[2]

Sentence vacated; remanded for resentencing.

---

[2] For example, in connection with the crimes committed on the first victim, the court sentenced defendant to 5 years for kidnapping and 5 years for committing indecent liberties. Upon resentencing the court must choose one of those crimes, and the sentence imposed therefor may not exceed the sentence which was originally imposed upon defendant for that particular crime.

Likewise for the second victim, the court sentenced defendant to 5 years for kidnapping and 10 years for rape. The trial court must select one of those crimes for resentencing. If the court selects the rape conviction, it may not sentence defendant to more than 10 years for that

PETERSON, JUSTICE (concurring specially).

I concur in the majority opinion as consistent with our precedents, but acknowledge force in the dissenting opinion. The differences in the sentences which might result are probably not of great importance, however, for it is the Minnesota Corrections Authority, not the court, which has the dominant role in determining the duration of confinement which will be served under whatever sentence may be imposed. It is by no means certain that the Authority would require confinement even as long as that authorized under today's holding, although the grave nature of the defendant's offenses and the constraint under which the trial court will now resentence him may well be considered by the Authority.

KELLY, JUSTICE (concurring in part and dissenting in part).

I concur in the holding that where, as part of a single behavioral incident, a defendant kidnaps three girls and commits various sexual offenses upon the girls, the trial court is limited by Minn. St. 609.035 to sentencing defendant on a total of three offenses, one per victim.

The legislature undoubtedly intended that the punishment to be meted out to a defendant for a single behavioral incident be limited to the maximum term of years for any one of the offenses

---

crime. If the court selects the kidnapping crime, it may not sentence defendant to more than 5 years.

Lastly, in connection with the third victim, the court sentenced defendant to 5 years for kidnapping, 4 years for committing indecent liberties, and 6 years for assault with a knife. In resentencing, the court must select one of those crimes, and the sentence therefor may not exceed the sentence which was originally imposed upon defendant for that particular crime.

The sum total of the sentence imposed upon defendant, therefore, may not in any event exceed 21 years, which is the total of 5 years maximum for either the crime of kidnapping or indecent liberties against the first victim, 10 years maximum for the crime of rape against the second victim, and 6 years maximum for the crime of assault against the third victim.

he is convicted of by reason of that single behavioral incident. In the instant case the trial court could have given defendant a sentence of up to 40 years as to the crimes against the first victim. Instead, he gave the defendant only 5 years on the kidnapping charge and another 5 years for the indecent liberties charge. He could have given defendant a 10-year sentence on that kidnapping charge and no prison term on the indecent liberties charge and would have accomplished the same result without doing anything contrary to Minn. St. 609.035. Admittedly, part of that statute reads: "* * * he may be punished for only one of such offenses," but in my view the only purpose of that part of the statute was to preclude the giving of punishment in excess of the maximum sentence that could be imposed upon a defendant by sentencing him for the crime permitting the longest term of those crimes which constitute a single behavioral incident. In this case, that maximum would be 40 years for all of the crimes committed against any one of the victims, but in pronouncing sentence the court would have to adhere to the form required by statute and pronounce that sentence to be for the kidnapping charge.

Thus, the court in pronouncing sentence for the crimes committed against the first victim could have said: "I am sentencing you to 10 years for the crime of kidnapping victim number 1. In doing so, I am taking into account your culpability as shown by the fact that you also took indecent liberties with this victim. I might have given you only a 5-year sentence for this kidnapping if you had not committed the acts involved in taking indecent liberties." Such a sentence would have complied with the statutory language, the obvious purpose of the statute, and, indeed, the spirit of the statute. However, because the judge sentenced this defendant to 5 years for kidnapping victim number 1 and to 5 years for taking indecent liberties with the same victim, the majority opinion would void that sentence and say that the trial court may only sentence the defendant on one of the two offenses. I agree with this conclusion but would not take the next step and

say that on the remand in correcting the sentence the trial judge is limited to giving a sentence of up to 5 years on only one of the offenses. The result of this last step is that form prevails over substance because of the language used in the statute which technically requires that the defendant be sentenced for only one offense arising out of the same behavioral incident. However, no statute precludes the trial court from correcting the original sentence by giving a 10-year sentence on the kidnapping charge. Admittedly, there is no constitutional issue involved. This court would hold, in reliance on State v. Holmes, 281 Minn. 294, 161 N. W. 2d 650 (1968), that the trial court should limit the sentence to be given as to offenses against victim number 1 to 5 years. I believe this reliance cannot be premised on the rationale on which Holmes was based.

Thus, I respectfully dissent from the majority view that on resentencing the trial court may not impose a more severe penalty than the maximum sentence previously given for any one offense against each victim. I do agree that the trial court should not be permitted to give an overall sentence greater than the one originally imposed. Furthermore, the trial court on resentencing should give credit for the time served between the first sentence and the resentencing. To permit a greater sentence on resentencing would make it possible for a trial judge who might be irked by having his actions questioned to increase a sentence out of pure vindictiveness rather than by reason of the defendant's culpability. A rule that would permit greater sentences upon resentencing after a successful appeal might deter some defendants from exercising their rights to have their original sentences reviewed. However, in the instant case the majority opinion would not permit the trial court to give the same overall sentence for all of the convictions which he gave in the first place.

The trial court here sentenced defendant on seven counts and defendant was given seven separate sentences to be served consecutively. The length of the sentences were as follows:

Crimes against Victim 1

| | |
|---|---|
| Kidnapping | 5 years |
| Indecent liberties | 5 years |

Crimes against Victim 2

| | |
|---|---|
| Kidnapping | 5 years |
| Aggravated Rape | 10 years |

Crimes against Victim 3

| | |
|---|---|
| Kidnapping | 5 years |
| Indecent liberties | 4 years |
| Aggravated assault | 6 years |
| Total | 40 years |

Under the majority opinion upon resentencing the maximum number of years that defendant may be required to serve will be as follows:

| | |
|---|---|
| For crimes against Victim 1 | 5 years |
| For crimes against Victim 2 | 10 years |
| For crimes against Victim 3 | 6 years |
| Total | 21 years |

I would agree that if the trial judge on resentencing gave defendant more than a total of 40 years to serve, we should reverse on the rationale of Holmes. The majority opinion here, as in State v. Holmes, *supra*, would base its decision, not on constitutional or statutory grounds, but on procedural fairness and principles of public policy. I cannot equate the facts in Holmes with the present case. In Holmes, defendant sought and received a new trial. The sentence imposed after the new trial resulted in extending defendant's term 1 year, 1 month, and 26 days. Here the maximum time to be served by defendant would not be extended by my proposal. To be sure, defendant's legal victory in this appeal would be a hollow one if my view were followed, but there could be no reprisal by the trial court and therefore no prejudice to defendant. Nor would this proposal have a chilling

effect on other defendants because they would have nothing to lose by testing their sentences and might gain something under different facts. I do not concede that procedural fairness requires any more than that a defendant not be additionally punished for having sought to correct errors in his sentencing.

The other reason cited for not permitting the trial court to re-sentence up to his original maximum for all the crimes committed is that of public policy. In my view, public policy requires that the determination that defendant be given consecutive terms totaling 40 years by a trial judge who heard all of the evidence be sustained.[1] Not just by reason of his culpability, but also because the record discloses that defendant is an antisocial personality with homicidal tendencies. As such, he is unable to feel guilt or to learn from experiences or punishment. He had medical treatment for his mental illness at the Human Development Center but apparently he could not be reached by psychiatric techniques. Obviously, the public must be protected from him. If he can be and is rehabilitated, the Minnesota Corrections Authority may release him. The overriding public policy should be that he be confined to prison or in a hospital until it is reasonably safe to release him.

A. B. A. Standards for Criminal Justice, Post-Conviction Remedies, § 6.3 (Approved Draft, 1968) provides:

"Sentence on re-prosecution of successful applicants; credit for time served.

"(a)   Where prosecution is initiated or resumed against an applicant who has successfully sought post-conviction relief and a conviction is obtained, *or where a sentence has been set aside as the result of a successful application for post-conviction relief*

---

[1] I have not detailed the evidence here. However, I am satisfied that the sentence originally imposed or any sentence that might be imposed under this dissent would not result in a term of confinement grossly out of proportion to the gravity of the offenses or to the harm which resulted. See, State ex rel. Stangvik v. Tahash, 281 Minn. 353, 161 N. W. 2d 667 (1968).

*and the defendant is to be re-sentenced, the sentencing court should not be empowered to impose a more severe penalty than that originally imposed.*

"(b)   Credit should be given towards service of the minimum and maximum term of any new prison sentence for time served under a sentence which has been successfully challenged in a post-conviction proceeding." (Italics supplied.)

The key words in the standard touching upon the issue before this court are: "the sentencing court should not be empowered to impose a more severe penalty than that originally imposed." [2]

The trial court here originally gave this defendant sentences, to be served consecutively, totaling 40 years. Imposing consecutive sentences for the same crimes not exceeding a total of 40 years, as I view it, would not "impose a more severe penalty than that originally imposed." Of course, credit should be given for time served between sentencings. I recognize that a single sentence on one of the counts against one or more of the victims might be increased, but this is not as a practical matter the imposition of a more severe penalty than originally imposed.

YETKA, JUSTICE (concurring in part and dissenting in part). I concur in the opinion of Mr. Justice Kelly.

---

[2] Under our Proposed Rules of Criminal Procedure, Rule 27.03, subd. 9, the trial court may at any time correct a sentence not authorized by law. The court may also under that rule modify a sentence during either a stay of imposition or execution of sentence except that the court may not increase the period of confinement.