**STATE of Minnesota, Respondent,**

v.

**James Donald CARVER, Appellant.**

**No. C7–86–865.**

Court of Appeals of Minnesota.

July 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

Deborah Ellis, Thomson & Hawkins, St. Paul, for appellant.

Heard, considered, and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

James Donald Carver appeals from a sentence imposed on February 20, 1986 by the district court, Ramsey County. After the appeal was filed, this sentence was modified by the trial court on May 22. The state requests that this court, pursuant to Minn.R.Civ.App.P. 103.04, review the May 22 order and reinstate the 36–month sentence imposed on February 20. We reverse and remand for resentencing.

## FACTS

Appellant was convicted by a jury in November of 1984 of three counts of criminal sexual conduct in the first degree and one count of criminal sexual conduct in the second degree. The convictions arose out of a single incident involving four separate victims.

On January 21, 1986, this court reversed two of appellant's first-degree criminal sexual conduct convictions on the grounds that they were based on inadmissible hearsay evidence, and remanded for resentencing on the two remaining counts of first and second-degree criminal sexual conduct. *State v. Carver*, 380 N.W.2d 821 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. March 27, 1986). The issue on this appeal is the appropriate sentence for the second-degree offense.

The original sentences for these two convictions were 43 months executed for the first-degree offense and 34 months concurrent for the second-degree offense. On February 20, 1986, the district court resentenced appellant to the presumptive sentence of 43 months executed for the first-degree offense. Stating that Minn.Stat. § 609.346 (Supp.1985) was applicable, the court then sentenced appellant to an executed term of 36 months, to be served consecutively to the 43–month sentence

previously imposed, for the second-degree offense.

Appellant filed a motion for modification of sentence with the lower court on or about May 5, 1986. While that motion was still under advisement, appellant filed a notice of appeal with this court on May 22. On the same date, the trial court issued an order reducing the 36–month consecutive sentence to a term of 21 months. Appellant thus received a total sentence of 64 months (five years and four months) executed. The state subsequently filed its respondent's brief.

## ISSUES

1. Does Minn. Stat. § 609.346 require that appellant be sentenced to a mandatory minimum of 36 months for his conviction of second-degree criminal sexual conduct, to be served consecutively to his 43–month sentence for first-degree criminal sexual conduct?

2. Did the trial court err in sentencing appellant to a consecutive sentence of 21 months executed for his conviction of second-degree criminal sexual conduct?

## ANALYSIS

1. The state asks this court to reverse the May 22 order and reinstate the sentence imposed on February 20. The May 22 order is reviewable under Minn.R.Civ. App.P. 103.04, which provides that this court may review "any order affecting the order from which the appeal is taken."

The state argues that the May 22 order should be reversed and the 36–month consecutive sentence imposed on February 20 reinstated. According to the state, the district court was obligated to impose the 36–month mandatory minimum provided for by Minn.Stat. § 609.346 (Supp.1985), because appellant's offense of second-degree criminal sexual conduct was a "second or subsequent offense" within the meaning of that statute. Section 609.346 provides:

**Subsequent offenses.**

**Subdivision 1. Definition; conviction of offense.** For purposes of this section, the term "offense" means a completed offense or an attempt to commit an offense.

**Subd. 2. Subsequent offense; penalty.** If a person is convicted of a second or subsequent offense [of criminal sexual conduct] within 15 years of the prior conviction, the court shall commit the defendant to the commissioner of corrections for imprisonment for a term of not less than three years, nor more than the maximum sentence provided by law for the offense for which convicted, notwithstanding the provisions of sections 242.-19, 243.05, 609.11, 609.12 and 609.135.

**Subd. 3. Prior convictions under similar statutes.** For the purposes of this section, an offense is considered a second or subsequent offense if, *prior to conviction* of the second or subsequent offense, the actor has been at any time *convicted* under sections 609.342 to 609.-345 or sections 609.364 to 609.3644 or under any similar statute of the United States, or this or any other state.

Minn.Stat. § 609.346 (Supp.1985) (emphasis added).

In *State v. Friend*, 385 N.W.2d 313 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986), this court held that an offense cannot be considered a "second or subsequent offense" for purposes of this statute unless the defendant has been *convicted* of the predicate offense *prior* to the conviction of the second or subsequent offense. *Id.* at 322–23. The defendant in *Friend* was convicted of four counts of intrafamilial sexual abuse and criminal sexual conduct. The trial court sentenced him to four consecutive sentences, including the consecutive 36–month mandatory minimum under 609.346, for the offense of fourth-degree criminal sexual conduct. This offense actually occurred at a later date than some of the other offenses. However, because the charges against the defendant were consolidated for a single trial and the defendant was convicted of all four offenses simultaneously, this court held that he did not have a "prior" conviction under 609.346 at the time he was convicted of fourth-de-

gree criminal sexual conduct, and that the mandatory minimum therefore did not apply. *Id.* at 323.

▉ Here, as in *Friend,* the charges were consolidated for trial and the jury returned the guilty verdicts on all counts simultaneously. Defendant was adjudged guilty of all counts at one sentencing proceeding. Defendant thus had no "prior" conviction under section 609.346 at the time he was convicted of second-degree criminal sexual conduct.

The state attempts to distinguish *Friend* on the basis that the convictions here did not really occur "simultaneously," because the trial court adjudged defendant guilty of the first-degree offense minutes, or perhaps moments, before adjudging him guilty of the second-degree offense. To distinguish *Friend* on this basis would be to exalt form over substance.

2. Appellant was originally sentenced to a 34–month concurrent sentence for the second-degree criminal sexual conduct conviction (severity level VI offense with three points using the *Hernandez* method). On resentencing, the trial court first imposed the 36–month consecutive sentence which we refuse to reinstate for the reasons set forth above. The court subsequently reduced this to a 21–month consecutive sentence.

In *State v. Holmes,* 281 Minn. 294, 161 N.W.2d 650 (1968), the supreme court held that where a defendant is granted a new trial on appeal, the trial court may not impose a greater sentence after a subsequent conviction than was imposed after a first conviction. The court in *Holmes* did not base its decision on constitutional grounds, but on the public policy rationale that a defendant should not be penalized for exercising his. right to appeal. The court stated that "any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy." 281 Minn. at 298, 161 N.W.2d at 653.

After the Minnesota Supreme Court issued its decision in *Holmes,* the protection against increased punishment after an appeal acquired constitutional dimensions. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that the due process clause of the fourteenth amendment is violated when a defendant is penalized for exercising his right of appeal by the imposition of a more onerous sentence on retrial. The Court applied a presumption of vindictiveness on the part of the trial court in such cases, and held that a more severe sentence could be imposed only if the trial court set forth, on the record, "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726, 89 S.Ct. at 2081. In *Texas v. McCullough,* —— U.S. ——, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Court modified the rule of *Pearce* and held that an increased sentence imposed after retrial was not vindictive even though it was not based on conduct of the defendant occurring after the first trial. In *McCullough,* the trial judge made findings of fact as to why she was imposing a longer sentence on retrial. She found that in fixing the new sentence she relied on new evidence, not presented at the first trial, which indicated that the defendant, rather than his accomplices, had slashed the victim's throat and that the defendant had been released from prison only four months before the crime had been committed. The Court held that the *Pearce* presumption was rebutted by these findings.

▉ Here, the trial judge made no findings, as required by *Pearce* and *McCullough,* to justify the increase from 34 months concurrent to 21 months consecutive. The increased sentence therefore is in violation of defendant's rights under the due process clause. In addition, the sentence violates the broader rule, announced by the Minnesota Supreme Court in *Holmes,* that any increase in sentence after an appeal violates public policy.

The fact that defendant's total or net sentence for all of his original convictions

has been reduced is of no consequence. In *State v. Prudhomme*, 303 Minn. 376, 228 N.W.2d 243 (1975), the supreme court extended the rule of *Holmes* to a case in which multiple sentences were set aside as arising out of one behavioral incident under Minn.Stat. § 609.035, and held that the court on resentencing is limited to the sentence originally imposed for each offense. The court stated: "to permit the trial court to increase the penalty for any of the offenses on which it will sentence defendant would be to violate the spirit of the *Holmes* case." 303 Minn. at 380, 228 N.W.2d at 246; *see also id.* n.2.

The appropriate sentence for defendant's conviction of second-degree criminal sexual conduct is 26 months stayed (severity level VI offense with one point using the *Hernandez* method). On resentencing, defendant may demand that the stayed sentence be executed and served concurrently. *See State v. Ott*, 341 N.W.2d 883, 884 (Minn. 1984); *State v. Wesenberg*, 348 N.W.2d 117, 118 (Minn.Ct.App.1984).

## DECISION

Reversed and remanded for resentencing consistent with this opinion.