**STATE of Minnesota, Respondent,**

v.

**Sean M. SHEPPHEARD, Appellant.**

**No. C3–87–517.**

Court of Appeals of Minnesota.

June 16, 1987.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Sean M. Sheppheard was convicted pursuant to pleas of guilty to third-degree criminal sexual conduct and to promoting prostitution. The sentencing court stayed execution of a prison sentence and imposed conditions of probation. Sheppheard moved the court to vacate the probationary conditions and to execute his original sentence. The trial court resentenced by adding one of the probationary conditions, a fine, to the prison sentence. Sheppheard contends the trial court lacks the authority to increase his sentence following a request for execution of sentence. We reverse and remand.

## FACTS

Sean Sheppheard was sentenced to concurrent prison terms of 18 months for third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344, subd. 1(b) (1986), and one year and one day for promoting prostitution in violation of Minn. Stat. § 609.322, subd. 3(2) (1986). The sentences were stayed for ten years and three years respectively on the condition that Sheppheard serve nine months in the Ramsey County Workhouse and pay a fine of $5,000.

On February 2, 1987, roughly two weeks after sentencing, Sheppheard moved to vacate his probationary sentence and execute his original sentence. Rather than implementing the original sentence, the trial court resentenced Sheppheard to the same term of imprisonment, but added a fine of $5,000, which had been a condition of probation.

## ISSUE

Did the trial court err when it imposed an additional penalty on resentencing after appellant requested execution of his original sentence?

## ANALYSIS

■ A defendant has the right to demand execution of a sentence when, as here, the terms of probation are more oner-ous than the executed sentence. *State v. Randolph*, 316 N.W.2d 508, 510 (Minn. 1982); *see also State v. Milbrad*, 355 N.W.2d 706 (Minn.1984); *State v. Sutherlin*, 341 N.W.2d 303, 305–06 (Minn.Ct.App. 1983).

The court in *Randolph* recognized that probation may, in some instances, constitute a de facto departure from the presumptive sentence established by the Sentencing Guidelines, subverting the intent and spirit of the Minnesota Sentencing Guidelines:

> Under the Sentencing Guidelines, the presumptive sentence is the most oner-ous sentence that should be imposed absent aggravating factors constituting grounds for departure. If the presumptive sentence is probation but the trial court attaches conditions of probation that make the probationary sentence more onerous in reality than a prison sentence, then the trial court, in effect, has not followed the Sentencing Guidelines. Or, to put it another way, the court has followed the Sentencing Guidelines in form but not in spirit or effect.

*Randolph*, 316 N.W.2d at 510.

■ In its initial sentencing, the trial court had numerous sentencing options available to it, including the imposition of both imprisonment and fine. However, the court elected to impose only a prison sentence. Having imposed this sentence, the court is constrained by procedural fairness and public policy not to increase the penalties when the sentence is executed.

■ A sentence, once imposed, constitutes a final judgment, even if execution of that sentence has been stayed. *State v. Lindquist*, 254 Minn. 28, 29, 93 N.W.2d 521, 523 (1958). A defendant should not be discouraged from exercising his legal rights by the threat of receiving increased punishment if he does so. *See State v. Prudhomme*, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975); *State v. Holmes*, 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968).

The court in *Prudhomme* noted that the rationale behind limiting the penalty in re-

sentencing is based on principles of procedural fairness and public policy, rather than on the Constitution.[1]

> We did not base our rule * * * on constitutional grounds but rather on procedural fairness and principles of public policy. We emphasized that this approach "precludes inquiry into the motives of the sentencing judge and holds as a matter of law that any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy."

*Prudhomme,* 303 Minn. at 380, 228 N.W.2d at 246 (quoting *State v. Holmes,* 281 Minn. at 298, 161 N.W.2d at 653).

### DECISION

Appellant has a right to demand execution of his original sentence without imposition of additional penalties. The matter is remanded to the trial court with instruction that sentences which were imposed on February 2, 1987, be vacated and that sentences which were imposed on January 22, 1987, be reinstated.

Reversed and remanded.

---

1. This philosophy is also reflected in the Minnesota Rules of Criminal Procedure, which provide only for correction or reduction of sentences:

    The court at any time may correct a sentence not authorized by law. The court may at any time modify a sentence during either a stay of imposition or stay of execution of sentence except that the court may not increase the period of confinement.
    Minn.R.Crim.P. 27.03, subd. 9.

