OPINION
ANDERSON, Justice.
Appellant Kabba Kangbateh asserts that on remand following a successful appeal of his conviction for attempted second-degree murder for the benefit of a gang, the district court imposed a greater sentence for a lesser included offense. Based on that assertion, he claims his sentence violates the public policy and fairness concerns articulated in State v. Prudhomme, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975). Because the record does not support Kangbateh’s assertion, we affirm.
I.
Late in the evening of March 5, 2010, Kangbateh took a cab to a house party in St. Paul. Many of the party’s attendees were affiliated with various street gangs. Kangbateh testified that he was an associate, but not a member, of the “Selby Sid-ers.” K.W., 16, also at the party, was with friends who were members of the “East-side Boys.” After Kangbateh went inside the house without paying his cab fare, the driver called the St. Paul Police Department. Police arrived at the house party shortly after midnight and most guests, including K.W., left immediately. Minutes later, K.W. was shot through his chest and back as he walked down the street. After hearing a loud gun shot, police observed a male, later identified as Kangbateh, walking in an alley near a garage, and after a foot chase, arrested him. They recovered a .303-caliber, MK-I, bolt-action carbine rifle in the garage near where they first saw Kangbateh. K.W. later recovered from the shooting.
Kangbateh was charged with attempted second-degree murder for the benefit of a gang, attempted second-degree murder, second-degree assault for the benefit of a gang, and second-degree assault. After a jury trial, Kangbateh was found guilty and convicted of all four offenses.[1] At the *12 initial sentencing hearing, the parties did not agree on the appropriate sentence for Kangbateh’s conviction of attempted second-degree murder for the benefit of a gang. The State asked the district court to impose a 165-month sentence; Kangba-teh requested either a dispositional departure or a sentence of 142 months, which was at the low end of the presumptive sentencing range under the Minnesota Sentencing Guidelines. The arguments of the parties focused on the seriousness of Kangbateh’s conduct and his criminal record. Describing Kangbateh’s conduct as a “totally senseless” and “unprovoked act,” the district court sentenced Kangbateh to 165 months in prison for the conviction of attempted second-degree murder for the benefit of a gang. In accordance with Minn.Stat. § 609.035 (2014), the court did not impose a sentence for Kangbateh’s conviction of the lesser-included offense of attempted second-degree murder.
At no point during the original sentencing hearing did the attorneys, or the district court, mention Minn. Sent. Guidelines 2.G, the age of the victim, the benefit-of-a-gang element of the sentenced offense, or the presumptive sentence for the lesser-included offense of attempted second-degree murder. Section 2.G of the Minnesota Sentencing Guidelines outlines the procedures for calculating the presumptive sentencing ranges for a number of offenses that do not appear on the standard Sentencing Guidelines Grid, Minn. Sent. Guidelines 4.A. The modifiers listed in Minn. Sent. Guidelines 2.G apply to both the “presumptive duration” (commonly referred to as the middle of the box), see Minn. Sent. Guidelines 2.G.1, and the upper and lower ends of the range found in the grid cell for the relevant offense. See Minn. Sent. Guidelines l.B.5(b). For example, Minn. Sent. Guidelines 2.G.10.-b(2)(ii), provides that when an offender is sentenced for an offense committed for the benefit of a gang, the “presumptive duration is determined by locating the duration in the appropriate cell on the applicable Grid” and adding 12 months to the sentencing range if the underlying crime is an attempt and the victim was younger than 18. The presumptive sentencing range for attempted second-degree murder is 130 to 183 months, with a presumptive duration of 153 months. See Minn. Sent. Guidelines 2.G.2, 4.A. Accordingly, the presumptive sentencing range for attempted second-degree murder for the benefit of a gang when the victim was younger than 18 is 142 to 195 months, vrith a presumptive duration of 165 months.
Kangbateh filed a direct appeal, arguing, among other things, that the State failed to present sufficient evidence on the benefit-of-a-gang element. Persuaded by Kangbateh’s argument, the court of appeals reversed his convictions of attempted second-degree murder for the benefit of a gang and second-degree assault for the benefit of a gang, and remanded with instructions to sentence Kangbateh on the conviction of the lesser-included offense of attempted second-degree murder. State v. Kangbateh (Kangbateh I), No. A11-2147, 2012 WL 5990229, at *6 (Minn.App. Dec. 3, 2012); see also State v. Lopez-Rios, 669 N.W.2d 603, 615 (Minn.2003) (noting that the crime underlying an offense of a crime committed for the benefit of a gang is a lesser-included offense).
On remand for sentencing on Kangba-teh’s conviction of the lesser-included offense of attempted second-degree murder, the attorneys’ arguments reflected an er *13 roneous assumption that the court of appeals’ decision had no impact on the presumptive sentencing range. The State sought a 195-month sentence, while Kang-bateh asked for a 142-month sentence, the high and low ends of the box respectively, for attempted second-degree murder for the benefit of the gang.[2] The parties’ arguments again focused on the seriousness of Kangbateh’s conduct and his criminal record. Kangbateh became extremely agitated at the remand sentencing hearing, because he mistakenly believed the court of appeals had reversed both of his attempted second-degree murder convictions. Because of his disruptive conduct, the district court ordered Kangbateh removed from the courtroom. In response, he yelled, “F* * * you all. I’ll kill all of you. This is my life.” The court then postponed the sentencing hearing for one week.
At the subsequent hearing, Kangbateh again appeared before the district court. The State and Kangbateh made the same sentencing requests, 195 months and 142 months, respectively.. ’ The court declined the State’s request to impose a higher sentence than originally imposed, noting that such a sentence would not be proper, “as [it] did not wish to appear to be in some way vindictive as the result of the defendant exercising his rights to an appeal.” Kangbateh again became extremely disruptive and again was removed from the courtroom.[3] The court imposed a 165-month prison sentence for Kangbateh’s conviction of the lesser-included offense of attempted second-degree murder, emphasizing the “sheer, wanton brazenness” of Kangbateh’s act. The court noted that Kangbateh had fired a weapon into a crowd of people he did not know.
On appeal to the court of appeals, Kang-bateh asserted that at the original sentencing hearing the district court had imposed a 153-month sentence for his conviction of the lesser-included offense of attempted second-degree murder, which was automatically increased to 165 months under Minn. Sent. Guidelines 2.G.10.b(2)(ii), because the commission of the lesser-included offense benefited a gang and the victim was younger than 18. Accordingly, Kang-bateh argued that on remand, because thé district court originally imposed a 165-month sentence for his conviction of attempted second-degree murder for the benefit of a gang, the district court abused its discretion by imposing the same sentence for his conviction of attempted second-degree murder.
The court of appeals affirmed the district court, observing that because the sentence imposed on remand was neither longer than the original sentence nor a departure from the presumptive sentencing guidelines, it did not violate the public policy and fairness concerns underlying Prudhomme, 303 Minn. at 380, 228 N.W.2d at 246 (holding that a district court may not impose a longer sentence than the sentence originally imposed when a defendant is granted a new trial or when an appellate court sets aside a sentence and remands for resentencing). State v. Kangbateh (Kangbateh II), No. A13-1071, 2013
*14 WL 6050479, at *2 (Minn.App. Nov. 18, 2013).
II.
Before our court, Kangbateh renews his assertion that the “sentencing court originally imposed a 153-month sentence for [his] underlying attempted-murder conviction.” Based on that assertion, he argues “[u]nder Prudhomme, [the sentencing Court] had no authority to increase that sentence on the same offense to 165 months after [he] prevailed on appeal.” He contends that the district court could impose no-more than 153 months in prison because the court was imposing a sentence on “the same” offense that was sentenced at the original sentencing hearing.
We review sentencing decisions for an abuse of discretion. State v. Ford, 539 N.W.2d 214, 229 (Minn.1995). This court generally will not interfere with a sentencing court’s decision to impose a term within the presumptive sentence range. State v. Freyer, 328 N.W.2d 140, 142 (Minn.1982); see also State v. Kindem, 313 N.W.2d 6, 7 (Minn.1981). Nevertheless, the trial court’s sentencing power is not absolute. State v. Warren, 592 N.W.2d 440, 451 (Minn.1999).
We begin by considering whether the record supports Kangbateh’s assertion that the “sentencing court originally imposed a 153-month sentence for [his] underlying attempted-murder conviction.” Based on our careful review of the record, we conclude that at the original sentencing hearing, the district court did not impose any sentence, much less a 153-month sentence, for Kangbateh’s conviction of the lesser-included offense of attempted second-degree murder. Instead, the court sentenced Kangbateh for his conviction of the greater offense of attempted second-degree murder for the benefit of a gang. Because the record does not support Kangbateh’s threshold assertion that he was sentenced for “the same” conviction at the original and remand sentencing hearings, his Prudhomme argument fails.[4]
The dissent is correct that it is “self-evident” that in determining the presumptive sentencing range for attempted second-degree murder committed for the benefit a gang, Minn. Sent. Guidelines 2.G.10.b(2)(ii) directs the court to add 12 months to each end of the sentencing range for the underlying lesser-included offense. But it does not follow that in determining the appropriate sentence for any particular defendant, the district court must start by determining what the appropriate sentence would have been had the lesser-included offense not been committed for the benefit of a gang and then add 12 additional months to that sentence.
The dissent’s argument presumes that the district court calculated this particular sentence by first determining that the appropriate sentence for the lesser-included offense of attempted second-degree murder was a middle-of-the-box sentence of 153 months and then adding 12 months to account for the fact that the lesser-includ *15 ed offense was committed for the benefit of a gang and the victim was younger than 18. Such a presumption is not supported by the record. At the original sentencing hearing, neither the State nor Kangbateh discussed the 153-plus-12-months analysis upon which Kangbateh now relies.[5] Moreover, the district court never referenced either 153 months or 12 months at the original sentencing hearing. Similarly, at the remand sentencing hearing, the district court did not reference 153 or 12 months. Based on the record, it is clear that at the original sentencing hearing, the district court did not impose any sentence, much less a 153-month sentence, for Kangbateh’s conviction of the lesser-included offense of attempted second-degree murder.
Moreover, the dissent’s interpretation of the record presumes the following facts. First, the district court calculated Kangba-teh’s initial sentence by determining that the appropriate sentence for the lesser-included offense was 153 months and then adding 12 months solely to account for the fact that the lesser-included offense was committed for the benefit of a gang and the victim was younger than 18. Second, the court of appeals ruled that the State failed to prove that Kangbateh committed the benefit-of-a-gang element. Third, on remand the original justification for the 12-month addition to Kangbateh’s sentence was no longer valid. Fourth, knowing that the original justification was no longer valid, the district court added 12 months to Kangbateh’s sentence without any legal justification. Such conjecture necessarily presumes that the district court was intentionally vindictive on remand.
On the record before us, we are unwilling to presume such an intentional vindictiveness. See State v. Munt, 831 N.W.2d 569, 580 (Minn.2013) (“When reviewing a claim that a judge was partial against the defendant, we presume the judge ‘discharged his or her judicial duties properly.’”) (quoting McKenzie v. State, 583 N.W.2d 744, 747 (Minn.1998)). Instead, we presume the district court, as it said, concluded that a 165-month sentence was appropriate based on the “sheer, wanton brazenness” of Kangbateh’s act of firing a weapon into a crowd of people whom he did not know, regardless of whether it was committed for the benefit of a gang. The complete absence of any discussion of the benefit-of-a-gang element at the original *16 and remand sentencing hearings demonstrates that it was of little import in determining Kangbateh’s sentences, especially when the 165-month sentence fell well within the presumptive sentencing range for attempted second-degree murder for the benefit of a gang (142 to 195 months) and the lesser-included offense of attempted second-degree murder (180 to 183 months).
In sum, the position that Kangbateh takes is essentially an arithmetic proposition without record support. Because he cannot point to any direct 'evidence supporting his claim (e.g., any statement by a lawyer, let alone the district court, that the 165-month sentence was, in fact, arrived at by adding 12 to 158), he asks us to invoke the prophylactic and prudential rule from Prudhomme, 303 Minn. at 380, 228 N.W.2d at 246, based merely on assumptions about what the parties argued and what the district court ordered. This we are not willing to do, at least on this record. Because there is insufficient support in the record for Kangbateh’s assertion that “the sentencing court originally imposed a 153-month sentence for [his] underlying attempted-murder conviction,” we affirm.
Affirmed.
Dissenting, PAGE, J., and GILDEA, C.J.

. Because it convicted Kangbateh on the greater "benefit-of-a-gang” offenses, the district court erred in also convicting Kangbateh on the lesser-included offenses of second-degree assault and attempted second-degree murder. See Minn.Stat. § 609.04 (2014); State v. Lopez-Rios, 669 N.W.2d 603, 615 (Minn.2003) (observing that section 609.04 "forbids two convictions of the same offense or one offense and a lesser-included offense on the basis of the same criminal act,” and that "[i]n a crime committed for the benefit of a gang, the underlying crime is an included crime”). However, this error was remedied when the court of appeals reversed Kangba-teh’s two convictions on the greater offenses. *12 State v. Kangbateh (Kangbateh I), No. A11-2147, 2012 WL 5990229, at *6 (Minn.App. Dec. 3, 2012).

. The presumptive sentencing range for attempted second-degree murder was 130 months to 183 months. Minn. Sent. Guidelines 2.G.2; id., 4.A. The prosecutor at one point referred to 153 months as the “middle of the box.”

. Kangbateh claims the court improperly considered his violent courtroom outbursts as a sentencing factor when it chose not to subtract the 12 months from his original 165-month sentence. Based on our careful review of the record, we conclude that the outburst did not influence the district court's sentencing decision.

. The dissent contends that it is "axiomatic that a defendant may not be punished for an offense for which there is no conviction.” We agree. But, contrary to the dissent’s implication, Kangbateh has not been punished for such an offense. At the sentencing hearing after remand, the district court sentenced Kangbateh for a separate conviction — albeit a less serious offense — and imposed the same, but not a greater, sentence. It is neither unfair nor unjust, as the dissent claims, for a defendant to receive a guidelines sentence for a conviction on which he had never been sentenced, even if the latter sentence is identical to that imposed for a reversed conviction. Whether the imposition of the same sentence on remand can ever implicate the principle articulated in Prudhomme, 303 Minn. at 380, 228 N.W.2d at 246, is not a question we need to answer here.

. The 153-plus-12-months analysis is also inconsistent with the presentence investigation report (PSI). The recommendation in the PSI states:
Based on the available information, this investigating officer respectfully recommends that the Court sentence the defendant on Count 1 Attempted Intentional Second Degree Murder for the Benefit of a gang in accordance with the Minnesota Sentencing Guidelines and commit him to the Commissioner of Corrections for a term of 165 months (minimum incarceration equals 110 months/maximum supervised release equals 55 months), executed.
(Emphasis added.) Nowhere in the PSI did the probation officer suggest that the district court impose a 153-month sentence for the lesser-included offense of attempted second-degree murder and then add 12 months because the lesser-included offense had been committed for the benefit of the gang. Instead, the PSI recommended that the court impose a 165-month sentence, which was the presumptive duration for the offense that was actually before the court for sentencing — attempted intentional second-degree murder for the benefit of a gang. Put differently, the language of the PSI supports our conclusion that at the original sentencing hearing, the district court did not expressly impose any sentence, much less a 153-month sentence, for Kangbateh’s conviction of the lesser-included offense of attempted second-degree murder. After all, the district court was prohibited from sentencing him on the lesser-included offense. See Minn.Stat. § 609.035.